IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:08-CR-00124-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| LESLIE CALVIN POWELL, | ) | |
| Defendant. | ) | |

This matter is before the court on Leslie Calvin Powell's Application for Issuance of Writ of Audita Querela [DE-29]. Powell argues that his conviction for firearm possession should be vacated because he has newly discovered evidence which establishes his innocence.

On October 22, 2008, Powell was charged in a four-count indictment. *See* Indictment [DE-1]. In Count One, Powell was charged with conspiracy to possess with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, and a quantity of cocaine, all in violation of 21 U.S.C. § 846; in Count Two, he was charged with possession with intent to distribute more than fifty (50) grams of a mixture or substance containing a detectable amount of methamphetamine, and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1); in Count Three, he was charged with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and in Count Four, he was charged with possession of a firearm by a prohibited felon, in violation of 18 U.S.C. §§ 922(g)(1), 924. On January 5, 2009, pursuant to a written plea agreement [DE-18], Powell entered a plea of guilty to Counts One, Three, and Four of the Indictment. [DE-20.]

On May 13, 2009, Powell was sentenced to 81 months' imprisonment on Count One. *See* Judgment [DE-26]. He was sentenced to 60 months' imprisonment on Count Three, which was

ordered to run consecutive with the sentence imposed in Count One. *Id.* In Count Four, Powell was sentenced to 120 months' imprisonment, which was ordered to run concurrently. *Id.*

A writ of audita querela "'is used to challenge a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition.'" *United States v. Sessoms*, 488 Fed. Appx. 737, 738 (4th Cir. 2012) (quoting *United States v. Torres*, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002) (international quotation marks omitted)). However, a "writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate under 28 U.S.C. § 2255." *Alonzo v. United States*, 368 Fed. Appx. 467, 2010 WL 750074, at *1 (4th Cir. 2010) (internal quotation marks and citation omitted). "[A] federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of *audita querela* when that challenge is cognizable under § 2255 because, in such a case, there is no 'gap' to fill in the postconviction remedies." *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001).

A federal prisoner may challenge the validity of his conviction pursuant to 28 U.S.C. § 2255. In this case, a review of the record reveals that Powell has never filed a § 2255 petition. Accordingly, the undersigned finds that there is no gap in Powell's postconviction remedies. For this reason, Powell's Application for Issuance of Writ of Audita Querela [DE-29] is DENIED.

SO ORDERED.

This, the 29th day of May, 2013

*/s/ James C. Fox*
James C. Fox
Senior United States District Judge