IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:08-CR-00124-F-1
No. 7:13-CV-00168-F

| | |
|---|---|
| LESLIE CALVIN POWELL,<br>    Petitioner | )<br>)<br>) |
| v. | )    O R D E R |
| UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>) |

This matter is before the court on the Government's Motion to Dismiss [DE-39] Leslie Calvin Powell's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-33]. The issues have been fully briefed and are now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss is ALLOWED.

## I. Factual and Procedural Background

On October 22, 2008, Powell was charged in a four-count indictment. *See* Indictment [DE-1]. In Count One, Powell was charged with conspiracy to possess with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine and a quantity of cocaine, in violation of 21 U.S.C. § 846. Count Two charged Powell with possession with intent to distribute more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1). In Count Three, Powell was charged with possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Count Four charged Powell with possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924.

Powell's arraignment was held on January 5, 2009. At his arraignment, pursuant to a written plea agreement [DE-21], Powell pled guilty to Counts One, Three and Four. It was agreed that Count Two would be dismissed at sentencing. [DE-21] at 8.

On May 13, 2009, the court held Powell's sentencing hearing. The court sentenced Powell to 81 months' imprisonment on Count One. *See* Judgment [DE-26]. Powell was sentenced to 60 months on Count Three, and it was ordered that the term was to be served consecutive to that imposed in Count One. Powell was sentenced to a concurrent 120 months on Count Four. The total term of imprisonment was 141 months. Powell did not appeal his conviction or sentence.

Powell's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-33] was received by the court on August 12, 2013. In his section 2255 motion, Powell's sole claim is that his sentencing violated *Alleyne v. United States*, 133 S.Ct. 2151 (2013). The Government has filed a Motion to Dismiss [DE-39] pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Legal Standards

### A. Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action when the court lacks subject matter jurisdiction. When determining whether jurisdiction exists, the district court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The burden of proving subject matter jurisdiction is on the party asserting jurisdiction. *Id.* (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.

1982)).

**B. Rule 12(b)(6)**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level'" and plaintiff must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

**A. Powell's Motion is Time-Barred.**

A person convicted of a federal offense has one year to file a section 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;

3

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). When a defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524-25, 532 (2003).

In this case, the Judgment [DE-26] was entered on May 20, 2009, and Powell filed his section 2255 motion on August 5, 2013, at the earliest.[1] Thus, Powell filed his section 2255 motion well beyond this one-year period. For this reason, Powell has not shown that his motion is timely under section 2255(f)(1). Powell does not allege that governmental action impeded his ability to file his section 2255 motion; thus, Powell's section 2255 motion is not timely under section 2255(f)(2). Moreover, the facts supporting Powell's claim were available at his May 13, 2009 sentencing hearing, and as such, his motion is not timely under section 2255(f)(4).

Powell concedes that his motion was filed more than one year after his conviction was final, but he argues that his motion is timely under section 2255(f)(3) because *Alleyne* is

---

[1] A prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. *See* Rule 3(d), Rules Governing § 2255 Proceedings. Powell dated his signature on the section 2255 motion as August 5, 2013. [DE-33] at 12.

4

retroactively applicable to cases on collateral review. [DE-42] at 1. Powell's argument must fail because the Supreme Court has not held that *Alleyne* established a new right that is retroactively applicable to cases on collateral review. *See United States v. Stewart*, 540 Fed. Appx. 171, 172 n.1 (4th Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (noting that *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and the Justices have decided other rules based on *Apprendi* do not apply retroactively on collateral review, which implies that the Court will not declare *Alleyne* to be retroactive). Accordingly, Powell's section 2255 motion is not timely under section 2255(f)(3).

In sum, Powell's section 2255 motion was not filed within one year of any of the circumstances described in section 2255(f). Thus, Powell's motion is time-barred.

## B. Powell's Motion is Barred by the Waiver in his Plea Agreement.

Even if Powell's motion was not time-barred, it is barred by the waiver contained in his plea agreement. Specifically, Powell's plea agreement contained a waiver of his right to challenge his conviction or sentence under 28 U.S.C. § 2255, except in limited circumstances. Such a waiver is enforceable if the defendant waives this right knowingly and voluntarily. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) ("[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."). The determination regarding whether a waiver is knowing and voluntary depends "'upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The truth of sworn statements made during a Rule 11 colloquy is conclusively established, absent extraordinary

5

circumstances. *Lemaster*, 403 F.3d at 221-22.

Powell's plea agreement, which he signed and agreed to in open court, contains the following waiver:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

[DE-21] at 1-2. The court finds that Powell's waiver was both knowing and voluntary. Moreover, even if it were not, Powell is foreclosed from raising the issue because he did not raise it on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.")

Powell's *Alleyne* claim does not deal with ineffective assistance of counsel or prosecutorial misconduct not known to him at the time of his guilty plea. Accordingly, pursuant to the waiver in his plea agreement, Powell has waived the right to pursue this claim.

### IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-39] is ALLOWED and Powell's section 2255 motion [DE-33] is DISMISSED. The court finds that Powell has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

6

Case 7:08-cr-00124-F   Document 53   Filed 04/14/15   Page 6 of 7

SO ORDERED.

This the 13 day of April, 2015.

_____
James C. Fox
Senior United States District Judge